# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 3, 2022

Lyle W. Cayce
Clerk

No. 22-10339
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VASHON RAYFORD,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-289-1

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

Vashon Rayford appeals the sentence imposed following the revocation of his supervised release. His sentence is within the suggested sentencing range and below the statutory maximum.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-10339

Rayford argues that his 11-month sentence represents a clear error of judgment in balancing the sentencing factors because his failure to meet with his probation officer and absconding from supervision were attributable to his homelessness. He contends that the mitigating value of his circumstances merited a lower sentence.

The record reflects that the district court's justification for imposing the revocation sentence was reasoned, fact-specific, and consistent with the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Warren*, 720 F.3d 321, 332-33 (5th Cir. 2013). The district court undertook an individualized assessment of the facts and concluded that a sentence of 11 months in prison was proper to satisfy the aims of § 3553(a). There is no indication that the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. *See Warren*, 720 F.3d at 332.

His assertion that the sentence does not reflect an accurate evaluation or application of the § 3553(a) sentencing factors reflects nothing more than his disagreement with the district court's weighing of the factors. His displeasure with the weight given to particular factors does not justify reversal. *See Warren*, 720 F.3d at 332. The fact that we could reasonably have held that a different sentence was proper does not render the sentence unreasonable. *Id.* The record otherwise reflects that the decision to impose an 11-month sentence was not an abuse of discretion. *See id.* at 332-33.

The district court's judgment is AFFIRMED.